UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, on behalf
of the United States of America,

    Plaintiff,

v.                                                   Case No: 8:06-cv-1436-T-23MAP

DELTA HEALTH GROUP, INC.,
et al,

    Defendants.

_____/

**ORDER**

Purportedly on behalf of the United States, Douglas Stalley sues (Doc. 2) Delta Health Group, a group of skilled-care nursing facilities, and two of its professional liability insurers, Royal Surplus Lines Insurance and Lexington Insurance, for failing to reimburse Medicare under the Medicare Secondary Payer Act (the "MSP"). After removing the case (Doc. 1), the defendants move (Docs. 10, 13, 18) to dismiss Stalley's complaint for lack of Article III standing. Stalley claims (Docs. 22, 23, 24) that the private right of action under the MSP permits maintenance of a *qui tam* action and allows a private citizen to sue on the government's behalf and recover double damages. In reply (Docs. 30, 31, 32), the defendants argue that Stalley lacks Article III standing to prosecute the action.

Background

Before 1981, coverage under Medicare remained primary to coverage under any applicable private insurance plan. Harris Corp. v. Humana Health Ins. Co. Of Fla., 253 F.3d 598, 600 (11th Cir. 2001). In response to rising Medicare costs, Congress enacted the MSP, making Medicare secondary in coverage. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1306 (11th Cir. 2006). The MSP requires certain private entities and insurers, designated "primary plans," to accept primary responsibility to pay for medical services provided to Medicare beneficiaries. See Glover, 459 F.3d at 1306. However, under the MSP, Medicare pays conditionally and the primary plan reimburses Medicare upon a determination of the primary plan's obligation to pay. See Glover, 459 F.3d at 1306. To facilitate reimbursement for the conditional payments, the MSP authorizes the government to sue a delinquent primary plan for double damages. See Glover, 459 F.3d at 1307. Additionally, in 42 U.S.C. § 1395y(b)(3)(A) the MSP establishes, "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." See also Glover, 459 F.3d at 1307; Harris Corp., 253 F.3d at 605-606 (11th Cir. 2001) (explaining how a Medicare beneficiary uses the private cause of action to recover from a primary plan); Mason v. American Tobacco Co., 212 F. Supp. 2d 88, 90 (E.D.N.Y. 2002) (deciding a suit brought by a proposed class of Medicare recipients).

Stalley alleges that Delta injured nursing home residents, billed Medicare for the resulting medical treatment, and failed to reimburse Medicare for the conditional payments. Although neither an injured Medicare beneficiary nor a party entitled to

reimbursement, Stalley purports to exercise a private right of action under the MSP in the nature of a *qui tam* action to recover the reimbursements owed to Medicare plus an additional hundred percent.[1]

## Discussion

Article III limits the jurisdiction of the federal judiciary to disputes presented by a party with "standing." Allen v. Wright, 468 U.S. 737, 750 (1984). Article III standing requires:

> the irreducible constitutional minimum of . . . three elements. First, the plaintiff must have suffered an injury-in-fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and quotations omitted). Stalley fails to show that he satisfies the "irreducible constitutional minimum" for Article III standing. Stalley alleges neither eligibility for Medicare, status as a Medicare beneficiary, nor any other injury-in-fact (to him) as a result of the defendants' conduct.

---

[1] Stalley and Erin Brockovich have sued unsuccessfully in district courts throughout the country and alleged similar facts and the same legal theory against other healthcare facilities (the "Identical Actions"). See e.g. Stalley v. Catholic Health Initiatives, No. 06 Civ. 629, 2006 WL 3091324 (E.D. Ark. Oct. 20, 2006); Brockovich v. Kindred Healthcare, Inc., No. 06 Civ. 4423 (C.D. Cal. Oct. 24, 2006); Brockovich v. Promise Healthcare, Inc., No. 06 Civ. 4134 (C.D. Cal Oct. 24, 2006); Brockovich v. Healthsouth Corp., No. 06 Civ. 546 (C.D. Cal Oct. 24, 2006); Brockovich v. HCA, Inc., No. 06 Civ. 4501 (C.D. Cal Oct. 24, 2006); Brockovich v. Vanguard Health Systems, Inc., No. 06 Civ. 547 (C.D. Cal Oct. 24, 2006);Brockovich v. Sharp Healthcare, No. 06 Civ. 4423, 2006 U.S. Dist. LEXIS 82202 (S.D. Cal Nov. 7, 2006); Brockovich v. Scripps Health, No. 06 Civ. 1569 (S.D. Cal Nov. 7, 2006); Stalley v.Sumner Regional Health Systems, Inc., No. 06 Civ. 74, 2007 WL 173686 (M.D. Tenn. Jan. 18, 2007); Stalley v. Orlando Regional Healthcare System, Inc., No. 06 Civ. 1824 (M.D. Fla. Jan. 22, 2007).

Conclusion

The plaintiff lacks Article III standing to maintain the action.[2]  Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED**.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citing Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87-89 (1991)); see also Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir. 1994) (remanding rather than dismissing a removed action under the MSP upon a showing that the plaintiff lacked Article III standing); Jepsen v. Texaco, Inc., 1995 WL 607630 (10th Cir. 1995) (remanding rather than dismissing a removed action based on diversity jurisdiction upon a showing that the plaintiff lacked Article III standing).

The Clerk is directed to (1) mail a certified copy of this order to the Clerk of Florida's Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, pursuant to 28 U.S.C. § 1447(c); (2) terminate any pending motion; and (3) close the file.

ORDERED in Tampa, Florida, on January 26, 2007.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] This result accords with the opinions enumerated in footnote one, which opinions include the dismissal on January 22, 2007, by my colleague Judge Presnell of Stalley's parallel action in Orlando.